**UNITED STATES of America,
Plaintiff–Appellee,**

v.

**Antoine L. BRANCH, Defendant–
Appellant.**

**No. 02–1656.**

United States Court of Appeals,
Seventh Circuit.

Submitted Aug. 1, 2002.*

Decided Aug. 5, 2002.

Before POSNER, EASTERBROOK and MANION, Circuit Judges.

### ORDER

After Antoine Branch pleaded guilty to possession with intent to distribute over fifty grams of cocaine base, *see* 21 U.S.C. § 841(a)(1), he was sentenced to 290 months' imprisonment, near the high end of the guideline range. He now argues that his sentence is so extreme given the lack of seriousness of his criminal history that it violates the Eighth Amendment. He alleges that most of the prior offenses underlying the district court's placing him in criminal history category VI were for minor traffic offenses (driving with a revoked license) or for minor drug charges (possession of drug paraphernalia or marijuana). But sentences prescribed under the sentencing guidelines and within the statutory maximum (here, life imprisonment, *see id.* § 841(b)(1)(A)) generally are not considered to be "grossly dispropor-

tionate" to the crime. *United States v. Saunders,* 973 F.2d 1354, 1365 (7th Cir. 1992). Branch's case is not exceptional. *E.g., United States v. Cavender,* 228 F.3d 792, 803 (7th Cir.2000) (420–month sentence for various crack-cocaine offenses); *Saunders,* 973 F.2d at 1365 (262–month sentence for possession with intent to distribute thirteen ounces (360 grams) of cocaine).

Branch's only other argument is that the district court erred in denying his motion for a downward departure under U.S.S.G. § 5K2.12. We lack jurisdiction to consider this challenge, however, because the district court was not operating under the mistaken belief that it lacked the discretion to depart. *See United States v. Zaragoza,* 117 F.3d 342, 345–46 (7th Cir.1997).

AFFIRMED.